# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Christopher Gregory,<br><br>    Plaintiff,<br><br>v.<br><br><br>Baily International of Atlanta, Inc.,<br>    Defendants.<br>_____ | CIVIL ACTION<br>NO:_____ |

# COMPLAINT

The Plaintiff, Christopher Gregory, states the following for his Complaint against the above-captioned Defendant, Baily International of Atlanta, Inc:

## NATURE OF ACTION

1. This is a cause of action for failure to pay overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA"), and retaliatory discharge in violation of the FLSA.

## THE PARTIES

2. The Plaintiff is a resident and citizen of Gwinnett County, Georgia. Despite being hired and misclassified as an exempt "warehouse manager", the

1

Defendant actually employed Plaintiff and otherwise assigned him extensive work hours and job duties of a non-exempt warehouse worker from April 25, 2018 until he was wrongfully terminated on May 20, 2018 after complaining about receiving pay that did not include overtime as expressly required by the FLSA.

3. The Plaintiff was terminated on May 20, 2018 and recorded without consent because he went to human resources and expressly complained about not being paid overtime while he was working 10-15 hours a day doing non-exempt work.

4. The Defendant is the Plaintiff's "employer" as the term "employer" is defined under the FLSA. 29 U.S.C. § 203(e)(1); and each was an "enterprise" engaged in commerce as defined under 29 U.S.C. § 203(r). The Defendant is a Georgia corporation with its principal place of business and registered agent located within the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action is being brought by Plaintiff pursuant to the FLSA. 29 U.S.C. § 216(b). Venue is also proper because a substantial part of the events and violations of the FLSA by the Defendant happened in this District, where the Defendant is also present and subject to personal jurisdiction.

6. This Court has jurisdiction over the non-preempted state law claims under 28 U.S.C. §1367.

## FACTUAL BACKGROUND

7. During the term of Plaintiff's employment leading up to his termination on May 20, 2018, the Defendant intentionally misclassified Plaintiff as an exempt employee to avoid paying Plaintiff overtime.

8. The Plaintiff, but for the improper classification, would have and should have been paid not less than $3,364 every two weeks in wages and overtime based on the extensive hours he worked each week that were over 40 hours per week, and performing non-exempt tasks. The average was 60 hours a week worked, approximately.

9. On May 20, 2018, after the Plaintiff expressly complained to the Defendant and their Human Resources Department, the Defendant called Plaintiff into a meeting and terminated him.

10. At the termination meeting on May 20, 2018 the Defendant through Plaintiff's supervisor at the time intentionally and willfully called in third parties and knowingly published or caused to be published by way of an unauthorized audio-tape, various statements which taken together constitute defamatory statements that Plaintiff was terminated "for cause" based on insubordination.

11. The statements in the meeting that Defendant had good cause to terminate Plaintiff for any misconduct on his part were and are completely false. Instead, he was unquestionably terminated for engaging in the following protected activity: complaining about and demanding standard wage and overtime pay in accordance with the FLSA.

12. The Plaintiff was a laborer and regularly worked over forty hours a week as a warehouse employee, along with other duties.

13. The Defendant failed to pay Plaintiff one and a half times his regular rate of pay for each hour worked over forty in a workweek.

14. The Defendant willfully hid and misled the Plaintiff concerning their working relationship and Plaintiff's right to overtime beginning from the date of his first day on the job and showed reckless disregard for the fact that failing to pay Plaintiff overtime was in violation of the FLSA.

15. The Plaintiff seeks liquidated damages in addition to the above practices which violated the FLSA. As a result of these practices, Plaintiff incurred a loss of wages that remain unpaid.

### COUNT I: FLSA CLAIMS AND JURY DEMAND

16. The Defendants' actions in failing to pay overtime as required by the FLSA entitles Plaintiff to an award of lost wages, plus liquidated damages, attorney fees, and costs.

17. The Defendants' actions in failing to pay overtime as required by the FLSA and wrongfully terminating Plaintiff for engaging in the protected activity of complaining about and demanding pay in accordance with the FLSA entitles Plaintiff to an award of lost wages, lost future wages, plus liquidated damages, attorney fees, and costs.

18. The Plaintiff demands a jury trial on the FLSA claims raised herein.

19. All conditions precedent to bringing this private action under the FLSA have been met.

## COUNT II: DEFAMATION

20. The Defendant's publication on May 20, 2018 and again at the time of termination notice that he was fired for cause based on "insubordination" and causing "poor moral" and "speaking negatively about the company" was false and defamatory per se to Plaintiff's good name and reputation in the marketplace.

21. The false and defamatory statements were willfully published to recruiters who were not in privity with the Defendant and caused harm to Plaintiff, his reputation, and employability, exposing him to public hatred, contempt or ridicule.

22. As a result of the false and defamatory publications, Plaintiff is entitled to $50,000 against the Defendant's in actual damages, and compensatory damages, exclusive of additional damages sought under the FLSA.

WHEREFORE, the Plaintiff, Christopher Gregory, prays that

a. Judgment be entered against the Defendant and in favor of the Plaintiff for unpaid back wages at the applicable overtime rate for each hour worked over forty;

b. Judgment be entered for retaliatory discharge in violation of Section 15(a) of the FLSA, for all future lost wages;

c. Judgment be entered against the Defendant that their violations of the FLSA were willful and deceptive;

d. Judgment for additional liquidated damages equal to the amount of unpaid wages due and, if an additional amount equal to the unpaid wages is not awarded as liquidated damages, an award of prejudgment interest;

e. Judgment for all costs and attorney fees incurred by Plaintiff for prosecuting this claim;

f. Judgment be entered for $50,000 for defamation and defamation per se; and

g. Such further and additional relief that the court deems appropriate.

Dated: June 28, 2018.

                                             s/ Chris Denison
                                             Chris Denison, Ga. Bar. No. 510724
                                             Attorney for Defendants

1735Buford Highway, Suite 215-272
Phone: 678-367-8672
Fax: 678-802-4773
cdenison@denisonandassociates.com